IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LARRY L. STULER,

      Plaintiff,                                      05cv1717

   v.                                              **ELECTRONICALLY FILED**

INTERNAL REVENUE SERVICE,

      Defendant.

### Memorandum Opinion and Order of Court

**March 31, 2006**

      Before the Court is defendant Internal Revenue Service's motion for summary judgment on plaintiff Larry Stuler's complaint for relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522-556. After careful consideration of the motion, defendant's memorandum of law and its uncontradicted statement of material facts, supported by the Declaration of Anne Jensen, Senior Disclosure Specialist for the IRS, and plaintiff's "reply in objection to respondent's motion for summary judgment," the Court will grant summary judgment in favor of the IRS.

      Summary judgment under Fed.R.Civ.P. 56(c) is appropriate "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Woodside v. School Dist. of Philadelphia Bd. of Educ.*, 248 F.3d 129, 130 (3d Cir. 2001), *quoting Foehl v. United States*, 238 F.3d 474, 477 (3d Cir.2001) (citations omitted). In deciding a summary judgment motion, the court must "view the evidence . . . through the prism of the substantive evidentiary burden" to determine "whether a jury could reasonably find either that the plaintiff proved his case by the quality and quantity of the evidence required by the governing law or that he did not." *Anderson v. Consolidated Rail*

*Corp.*, 297 F.3d 242, 247 (3d Cir. 2002), *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

When the non-moving party will bear the burden of proof at trial, the moving party's burden can be "discharged by 'showing' -- that is, pointing out to the District Court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party has carried this burden, the burden shifts to the non-moving party who cannot rest on the allegations of the pleadings and must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.*, 998 F.2d 1224, 1230 (3d Cir. 1993). Thus the non-moving party cannot rest on the pleadings, but instead must go beyond the pleadings and present "specific facts showing that there is a genuine issue for trial," Fed.R.Civ.P. 56(e), and cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir.1989) (*citing Celotex*, 477 U.S. at 325 (1986)). The non-moving party must respond "by pointing to sufficient cognizable evidence to create material issues of fact concerning every element as to which the non-moving party will bear the burden of proof at trial." *Simpson v. Kay Jewelers, Div. Of Sterling, Inc.*, 142 F. 3d 639, 643 n. 3 (3d Cir. 1998), *quoting Fuentes v. Perskie*, 32 F.3d 759, 762 n. 1 (3d Cir. 1994).

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)." *Marino v. Industrial Crating Co.*, 358 F.3d

241, 247 (3d Cir. 2004.)  *See also Doe v. County of Centre, PA*, 242 F.3d 437, 446 (3d Cir. 2001) (court must view facts in the light most favorable, draw all reasonable inferences, and resolve all doubts, in favor of the nonmoving party ).

Courts apply the same summary judgment standard in FOIA suits as in any other type of case. *See Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982). Because the documents requested under FOIA are often solely in the possession of the defending agency, when evaluating the adequacy of the agency's identification and retrieval efforts, the trial court, at the summary judgment stage, may be warranted in relying upon agency affidavits, for these are equally trustworthy when they aver that all documents have been produced or are unidentifiable as when they aver that identified documents are exempt.  *Pipko v. C.I.A.*, 312 F.Supp.2d 669, 674 (D.N.J. 2004).

For an agency to succeed on a motion for summary judgment in a FOIA suit, it must "prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the (FOIA's) inspection requirements." *Perry*, 684 F.2d at 126 (internal quotations and citations omitted).  An agency is entitled to summary judgment only "when the agency's affidavits describe the withheld information and the justification for withholding with reasonable specificity, demonstrating a logical connection between the information and the claimed exemption..., and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Davin v. United States Dep't of Justice*, 60 F.3d 1043, 1050 (3d Cir. 1995) (citations and internal quotation marks omitted).

If, however, "the sufficiency of the agency's identification or retrieval procedure is genuinely in issue, summary judgment is not in order." *Founding Church of Scientology v. NSA*, 610 F.2d 824, 836 (D.C.Cir. 1979) (*quoting National Cable Television Association, Inc. v. FCC*,

479 F.2d 183, 186 (D.C.Cir. 1973)).

Plaintiff filed a FOIA request on March 21, 2005 for documents pertaining to his partnership records and self-employment income among others, from the tax years of 1990 through 1993. The IRS determined initially that the request did not clearly specify the documents sought, but nevertheless commenced the search as best it could. In a letter dated April 8, 2005, Ms. Jensen informed plaintiff that the FOIA "does not require agencies to conduct research to answer substantive tax questions or decide which resolution, decision, or statutes you are seeking. . . . [and] does not require agencies to create records in response to a request."

According to the Declaration of Anne M. Jensen, a Senior Disclosure Specialist at the IRS's Disclosure Office 2, Statement of Material Facts, Exhibit 101, part I, an additional search was conducted on the IRS's Integrated Document Retrieval System (IDRS) at the request of Melinda Fisher, an attorney with the IRS's Office of Chief Counsel, in another effort to find responsive documents. The IDRS contains the most detailed account of the plaintiff's tax accounts between the requested years of 1990 through 1993.

Despite the thoroughness of the search, the IDRS did not find what plaintiff is apparently looking for, and it is not required to create documents that don't exist. The IRS conducted a diligent search, and plaintiff has offered no evidence to refute its representation about its fruitless searches. The adequacy of an agency's search for documents requested pursuant to FOIA is judged by the standard of reasonableness, *i.e.*, the agency must show beyond a material doubt that it has conducted a search reasonably calculated to uncover all relevant documents; the search does not have to be exhaustive and an agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, nonconclusory, and submitted in good faith. *Miller v. United States Dept. of State*, 779 F.2d

1378 (8th Cir. 1985).  The Court finds, on the record before the Court, including the uncontradicted affidavit of Ms. Jensen, that the IRS has done all it can do to respond to plaintiff's request, and summary judgment will therefore be granted in its favor.

For the foregoing reasons, defendant's motion for summary judgment (Document No. 8) is **GRANTED**, and summary judgment is entered in favor of defendant and against plaintiff.

s/ Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc:     All counsel or parties

Larry L. Stuler
565 Addison Street
Washington, PA 15301


Joshua D. Smeltzer, Esquire
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044